IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02453-BNB

PAUL CASTONGUAY,

    Plaintiff,

v.

MATTHEW KUHSE, Nebraska State Attorney, and
DOUGLAS COUNTY SHERIFF DEPARTMENT,

    Defendants.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 15 2009

GREGORY C. LANGHAM
    CLERK

---

## ORDER OF DISMISSAL

---

Plaintiff, Paul Castonguay, is a prisoner in the custody of the Nebraska - Douglas County Correctional Facility in Omaha, Nebraska. He initiated this action by submitting to the Court a *pro se* letter on October 16, 2009. By order dated October 16, 2009, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil action and instructed Mr. Castonguay to cure certain deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Mr. Castonguay to submit a Prisoner Complaint and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 together with a certified copy of his trust fund account statement.

On November 20, 2009, Mr. Castonguay filed a Prisoner Complaint and a motion for leave to proceed pursuant to 28 U.S.C. § 1915 together with a certified copy of his trust fund account statement. Mr. Castonguay was granted leave to proceed pursuant to 28 U.S.C. § 1915 by order dated November 30, 2009.

The Court must construe the Complaint liberally because Mr. Castonguay is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Complaint and action without prejudice.

In the Complaint, Mr. Castonguay asserts that his right to a "fast and speedy" trial has been violated because he has been waiting to go to trial on his Nebraska state criminal charges for over seven months. Complaint at 4. He also alleges that he was not allowed to leave jail to attend his daughter's funeral, and that an interrogation video tape has been submitted as evidence in his criminal case, even though the tape is not admissible. *Id.* at 5-6. It is not clear what relief Mr. Castonguay seeks, as he merely requests that the Court investigate his case and provide "legal justice." *Id.* at 10.

However, this Court lacks proper venue to review the instant action. Under 28 U.S.C. § 1391, the statute that provides for venue, paragraph (b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Because Defendants reside in the State of Nebraska, and because the events giving rise to Mr. Castonguay's claims occurred in the State of Nebraska, venue is improper in this Court.

Mr. Castonguay's Complaint also suffers from other deficiencies. With respect to the prosecutorial activities in which Defendant Matthew Kuhse, Nebraska State

Attorney, was involved in Mr. Castonguay's state criminal case, he enjoys immunity from suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Mr. Castonguay's allegations involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, Defendant Matthew Kuhse is an inappropriate party to this action based on absolute immunity.

Mr. Castonguay also may not sue Defendant Douglas County Sheriff's Department because the sheriff's department is not a separate entity from Douglas County and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the sheriff's department must be considered as asserted against Douglas County.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Castonguay cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Therefore, the claims against Defendant Douglas County Sheriff's Department are improper.

Nonetheless, the Court will dismiss the action for lack of proper venue. The

Court will refrain from transferring the case to a court with proper venue because the deficiencies identified above indicate that a transfer would not be in the interest of justice. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice.

DATED at Denver, Colorado, this 15 day of December, 2009.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02453-BNB

Paul Castonguay
Reg No. 3103727-20
Douglas County
Department of Corrections
710 South 17th Street
Omaha, NE 68102

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/15/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk